IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-423 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| COREY CRABB, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

March 24, 2008

**BACKGROUND:**

On December 13, 2007, a grand jury sitting in the Middle District of Pennsylvania returned a superceding indictment which charged defendant Crabb, along with seven co-defendants, with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  (Rec. Doc. No. 76.)

On December 19, 2007, defendant was arraigned and entered a plea of not guilty.

On February 15, 2008, defendant filed a motion to dismiss the indictment (Rec. Doc. No. 138) and a motion for a bill of particulars (Rec. Doc. No. 140).  Opposing briefs have been filed by the government for both motions.  (Rec. Doc. Nos. 150-51.)  No reply brief has been filed for either motion and the time for doing

so has passed.

On February 28, 2008, the grand jury returned a second-superceding indictment which contained the same drug conspiracy charge against defendant and added a criminal forfeiture charge against him. Therefore, we do not believe that it renders defendant's motions moot.

For the following reasons, we will deny both of defendant's motions.

**DISCUSSION:**

### I. Defendant's Motion to Dismiss the Indictment

Rule 7(c) of the Federal Rules of Criminal Procedure states that "[t]he indictment or information must be a plain, concise, and definite written statement of essential facts constituting the offense charged." The Third Circuit has held that an indictment is sufficient if it: 1) contains the elements of the offenses charged and fairly informs a defendant of the charges against which he must defend and 2) enables the defendant to avoid subsequent prosecution for the same offense. United States v. Hodge, 211 F.3d 74, 76 (3d Cir. 2000).

Defendant has been charged with conspiracy to distribute 50 grams or more of cocaine base under 21 U.S.C. § 846. Section 846 makes it a crime to "attempt or conspire to commit any offense defined in this subchapter" and further states that such a person "shall be subject to the same penalties as those prescribed for the

offense." To sufficiently allege a federal drug conspiracy, an indictment must allege: 1) the existence of an agreement between two or more persons to commit an unlawful drug trafficking act and 2) the specific intent to enter into such agreement for the purpose of committing the underlying offense. United States v. Mark, Crim. No. 2006-80, 2007 WL 2669587 at * 2 (D. Virgin Islands, Sept. 5, 2007) (citing United States v. Werme, 939 F.2d 108, 112 (3d Cir. 1991)). A drug conspiracy under § 846 does not require an overt act in furtherance of the conspiracy. United States v. Shabani, 513 U.S. 10, 11 (1994).

We find that the indictment in the instant case complies with Rule 7(c). First, it clearly contains the elements of the offense charged and informs defendant of the charges against which he must defend. The superceding indictment alleges that defendant and others knowingly and intentionally conspired to possess with the intent to distribute 50 grams or more of cocaine base. (Rec. Doc. No. 76., at 2.) Furthermore, we find that the indictment sufficiently enables defendant to avoid a subsequent prosecution for the same offense. It provides defendant with the time and location of the conspiracy, as well as the names of his coconspirators and the means by which the conspiracy was committed. To the extent that defendant's motion appears to take issue with the amount of discovery that has been provided by the government (Rec. Doc. No. 139, at 3-4), this clearly does not affect the

sufficiency of the indictment under Rule 7(c).  Therefore, we will deny defendant's motion to dismiss the indictment.

## II.  Defendant's Motion for a Bill of Particulars

Defendant has also filed a motion for a bill of particulars.  Federal Rule of Criminal Procedure 7(f) provides:

> Bill of Particulars.  The court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits.  The government may amend a bill of particulars subject to such conditions as justices requires.

"'The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him [so that he may] adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971) (quoting United States v. Tucker, 262 F. Supp. 305, 308 (S.D.N.Y. 1966)).  A defendant has no right to a bill of particulars.  United States v. O'Driscoll, 203 F. Supp. 2d 334, 348 (M.D. Pa. 2002).  Granting a motion for a bill of particulars lies within the court's discretion.  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975).

A motion for bill of particulars should be granted if the government's failure

to allege factual or legal information in the indictment "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989). Because a bill of particulars defines and limits the government's case, the court must weigh the "defendant's interest in securing information" against the "government's interest in not committing itself to facts before it is in a position to do so." United States v. Serafini, 7 F. Supp. 2d 529, 547 & n.13 (M.D. Pa. 1998).

In his motion, defendant argues that the superceding indictment merely alleges that the conspirators traveled to and from various locations transporting drugs and that there is no specific identification of the conspirators or any overt acts attributable to defendant. (Rec. Doc. No. 141, at 3.) Therefore, defendant contends that the allegations are too vague and indefinite to enable him to defend the charges. (Id. at 4.) Specifically, he requests a statement of 1) all overt acts the government intends to prove at trial that were performed by defendant; 2) when, where, and in what manner defendant became a member of the conspiracy; 3) the names of all persons who may have had a material conversation with defendant and others in furtherance of the conspiracy. (Rec. Doc. No. 140, at 1-2.)

First, we note that under the plain language of Rule 7(f), we are not required to even consider defendant's motion because defendant did not move for a Bill of

Particulars before or within ten days of his arraignment. Rather, he waited nearly two months after his arraignment to file the instant motion. Nevertheless, we will exercise our discretion and consider the merits of defendant's motion.

Much like his motion to dismiss the indictment, defendant appears to be unhappy with the discovery that has been provided to him by the government to date. (Rec. Doc. No. 141, at 3 (stating that "the discovery provided to date merely identifies Crabb as an individual seen at the residence of one of the co-conspirators on the morning that other co-conspirators were arrested.")) He requests more specific information regarding the crime with which he has been charged as well as a list of government witnesses. We believe that defendant is not entitled to such information through the use of a bill of particulars. As we noted, the purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him so that he may adequately prepare his defense, avoid surprise at trial, and to protect him against a second prosecution for the same offense. Addonizio, 451 F.2d at 63-64 (citations omitted). Its purpose is not to enable the defendant to obtain a wholesale discovery of the government's evidence nor a list of the government's prospective witnesses. Id. at 64 (citations omitted). As we have already mentioned, the superceding indictment sufficiently apprises defendant of the time and location of the drug conspiracy, as well as the names of his

coconspirators and the means in which the conspiracy was committed.  Thus, the superceding indictment is sufficient to allow defendant to adequately prepare his defense, avoid surprise at trial, and to protect him against a second prosecution for the same conduct.  Furthermore, requiring the government to produce the information requested by defendant through a bill of particulars would unfairly define and limit the government's case due to the fact that the evidence at trial must conform to the allegations in a bill of particulars.  Therefore, we find that defendant is not entitled to a bill of particulars and will deny this motion.

This ruling applies equally to the second superseding indictment, as the pertinent language is unchanged.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's motion to dismiss the indictment is DENIED. (Rec. Doc. No. 138.)
2. Defendant's motion for a Bill of Particulars is DENIED. (Rec. Doc. No. 140.)

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge